## McGurl v. Winton Borough School District et al.

*James G. Colleran*, for plaintiff.

*Martin J. Kushmerick* and *James E. O'Brien*, for defendants.

HOBAN, P. J., June 11, 1952.—This is a complaint in mandamus averring that plaintiff, a teacher, was unlawfully suspended from her position in defendant school district, in violation of her seniority rights under the teachers' tenure provisions of the School Code.

The answer says that plaintiff, with others, was suspended because of a decrease in pupil enrollment, that on a later review of the pupil situation another teacher was hired to teach in an elementary grade on the basis of superior experience and aptitude, that plaintiff was guilty of laches in not filing her claim until nearly a year had elapsed from the date of suspension, and that the suspension of plaintiff was required by law. The reply challenges the averment of laches and suspension of plaintiff according to law.

By agreement the case was tried before Hoban, P. J., without a jury.

From the pleadings and the evidence we make the following

*Findings of Fact*

1. On August 27, 1927, one Catherine Walsh was hired as a substitute teacher and on October 5, 1927, was hired as a regular teacher by defendant school district.

2. On August 30, 1928, plaintiff Margaret McGurl was hired as a substitute teacher and on October 4, 1928, was hired as a regular teacher by defendant school district.

3. On April 23, 1937, both Catherine Walsh and plaintiff Margaret McGurl were given professional contracts by defendant school district.

4. From October 31, 1945, to January 3, 1948, Catherine Walsh was absent from her teaching duties in defendant school district under leave of absence duly granted by the directors of the district and described as a maternity leave of absence.

5. Between the years 1940 and 1950 a decrease in pupil enrollment in the elementary grades in defendant district's schools occurred, to an extent rendering necessary suspension of certain elementary grade teachers.

6. By appropriate action of the directors of the school district five teachers in the elementary school grades, including Catherine Walsh and plaintiff, Margaret McGurl, were suspended as of the end of the 1949-50 school year, to wit, June 30, 1950.

7. On September 2, 1950, after review of the pupil situation and on recommendation of the Superintendent of Schools, the directors of defendant school district rescinded the suspension of two of the five suspended teachers, including Catherine Walsh, but not plaintiff Margaret McGurl.

8. The reason advanced by the Superintendent of Schools and accepted by the directors of defendant

school district for returning Catherine Walsh and another teacher of equal seniority with plaintiff to positions ahead of plaintiff were as follows:

(a) Catherine Walsh was senior to plaintiff in employment.

(b) Catherine Walsh was being returned to fourth grade teaching assignment which had been held by her for six years prior to her suspension, and the other teacher of equal seniority to plaintiff was being returned to a fifth grade teaching assignment which she had occupied prior to her suspension.

9. Plaintiff, Margaret McGurl, had taught in a second grade assignment for seven years prior to her suspension and there was no requirement for return of a teacher to such assignment.

10. Plaintiff, Margaret McGurl, and Catherine Walsh were equally certified by the Department of Public Instruction of Pennsylvania to be employed as teachers in the primary and elementary grades and kindergarten.

11. There was no substantial difference in the efficiency indices of plaintiff, Margaret McGurl, and Catherine Walsh, and numerical indices were not considered by the Superintendent of Schools or the school directors in returning the two teachers to employment.

12. For the school year 1949-50 plaintiff was paid the sum of $2,300 as a professional employe, and for the school year 1950-51 plaintiff would have been paid the sum of $2,500 had she remained in the employ of the school district.

13. Plaintiff, Margaret McGurl, remained at all times from the beginning of the school year 1950-51 ready and available for employment if offered to her with the school district.

### Discussion

The findings of fact reported above, prior to adoption by the court, were submitted to counsel for the

parties and they are agreed that the findings represent the pertinent facts deducible from the evidence.

Since there is no substantial difference in efficiency ratings of Miss McGurl and Mrs. Walsh as teachers, the legal questions may be stated as follows:

1. Did Mrs. Walsh have greater seniority rights than plaintiff on the date of suspension, June 30, 1950?

2. Conceding that plaintiff had greater seniority, were defendants justified in reinstating Mrs. Walsh to teach the fourth grade where she had taught satisfactorily for seven years prior to her suspension as of June 30, 1950?

The Public School Code of March 10, 1949, P. L. 30, sec. 1125, 24 PS §11-1125, provides:

"(b) In cases where suspensions are to be made, professional employees shall be retained on the basis of seniority rights, acquired within the school district of current employment, where no differences in rating are found. Seniority rights shall also prevail where there is no substantial difference in rating. . . ."

"(c) . . . Suspended professional employees shall be reinstated in the inverse order of their suspension."

Seniority, under all the cases which seem to have reached the courts, is considered to import continuity of service. See cases collected in 24 PS §11-1125, note 3, and see also the case of Frederick v. School Directors of Jenkins Township, Court of Common Pleas of Luzerne County, 82 D. & C. 593. Any absence from professional duties which interrupts continuity of service, unless specifically permitted to be included within continuity calculation by some provision of law, accordingly must reduce seniority time by the period of such absence.

The School Code provides only for two such types of absences. The first type, sabbatical leave, may be granted on application and upon conditions for a period of one year after 10 years' satisfactory service

and "thereafter" one such leave may be granted after each seven years of service. Such leave is "for restoration of health, study or travel, or at the discretion of the board of school directors for other purposes." The other type of leave specifically reserving seniority rights is a leave for military service, of no concern to us here. For the law governing sabbatical leaves as above defined see School Code of 1949, sec. 1166, et seq., 24 PS §11-1166.

The initial regular employment of Mrs. Walsh commenced October 5, 1927. Disregarding her period of absence on maternity leave, her continuous service to June 30, 1950, would be 22 years, 8 months, 25 days.

Miss McGurl's regular service from October 4, 1928, to June 30, 1950, amounts to 21 years, 8 months, 24 days.

The first year of Mrs. Walsh's maternity leave we have no doubt ought to be considered within the "other purposes" provision of the sabbatical leave authorization. If the remaining portion of her maternity leave (one year, two months, three days) is deducted from her total service, then her period of continuous service would be 21 years, 6 months, 22 days, thus making Miss McGurl senior to Mrs. Walsh by two months as of June 30, 1950.

Counsel for defendants contend that since Mrs. Walsh on October 31, 1945, had completed 18 years' continuous service, she should be entitled to be considered available for two continuous sabbatical leave periods. Thus if her maternity leave time were to include two years' credit for sabbatical leave, obviously she would be substantially senior on June 30, 1950, to Miss McGurl.

The code, sec. 1166, provides that the employe "who had completed ten (10) years . . . shall be entitled to a leave of absence. . . . Such leave of absence shall be for a half or full school year, or for two half school

years during a period of two years. . . . Thereafter, one leave of absence shall be allowed after each seven years of service."

We can read no permission in the foregoing section for taking or accumulating permissible sabbatical leaves. A sabbatical leave is there to be taken after the appropriate years of services upon the application of the employe or not as the employe chooses. The obvious purpose of such permission is to afford the teacher an opportunity either to improve her health or to perfect herself by travel or study for resumption of her teaching duties. One of the conditions governing the grant of the permission is that the person on leave shall agree to return to his or her employment with the school district for a period of not less than one year after such leave of absence. This condition clearly negatives the idea that such periods should be cumulative, or the obvious benefits accruing to the school district as distinguished from the benefit to the teacher herself would be lost if she did not return to service after the period of leave prescribed, to wit, one year. The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52, 46 PS §552, states as follows:

"In ascertaining the intention of the legislature in the enactment of a law, the courts may be guided by the following presumptions among others: . . .

"(5) That the legislature intends to favor the public interest as against any private interest."

In interpreting this section of the statute we think that the public interest clearly demands that the teacher return to employment after the prescribed authorized period of each sabbatical leave.

It follows, therefore, that as to Mrs. Walsh, we must regard so much of the leave granted for maternity reasons in excess of one year to be deducted from her period of continuous service for the calculation of her seniority rights.

The legislature having been specific on the matter of continuity of service with respect to sabbatical and maternity leaves only, we cannot read into other provisions of the code, authorizing a school board to grant leaves to professional employes (code, sec. 1154, 24 PS §11-1154), any authority for a school district to permit other types of leaves to carry continuous service credit as against the seniority interest of other professional employes.

The other reason which animated the board in returning Mrs. Walsh to service rather than Miss McGurl, to wit, that she was better qualified to teach in the grade requiring the appointment of a teacher, cannot prevail as against the seniority interest of Miss McGurl. Admittedly, both of these teachers are equally certificated to teach in the primary grades. The School District of Winton has no system of separate classifications for employment of teachers in the elementary grades, and since the Commonwealth by its certification has indicated that Miss McGurl is qualified to teach in any elementary grade, she is entitled to preference and return to service to such a position as against any person who may possibly be superior in teaching ability for that particular grade but who has less seniority.

It is obvious that the officials of the school district acted in perfect good faith under what they believed to be a wise management policy in restoring Mrs. Walsh to the available vacancy. But it must be realized that the tenure provisions of the School Code do place certain restrictions on the managerial powers of the school district officers, not all of which may be clearly foreseen when immediate action is required by a district. As was said by Mr. Justice Drew (now chief justice) in Walker et al. v. Scranton School District et al., 338 Pa. 104:

"The problems of the Tenure Act are multifarious and we can only meet them as they arise in cases before us. Each case must be disposed of on its own particular facts."

Under the particular facts of this case plaintiff has established her seniority and professional qualification to be returned to service ahead of Mrs. Walsh.

Under the findings of fact, Miss McGurl held herself in readiness from the date of her suspension to resume her teaching position. Therefore, no laches can be ascribed to her as to the commencement of this action.

In our opinion, Miss McGurl was legally entitled to be returned to employment in the elementary grades in the Winton School District prior to return of Mrs. Walsh. She is, therefore, entitled to receive the emoluments pertinent to the position she should have occupied from the beginning of the school term in September 1950 to such time as she failed to be returned to employment in the school district.

### Conclusions of Law

1. As of June 30, 1950, plaintiff was senior in service as a professional employe of the School District of the Borough of Winton over Catherine Lawler Walsh.

2. As of September 1950 plaintiff was qualified to fill any teaching assignment in the elementary grades in the schools of defendant school district.

3. The action of defendant school district in restoring Catherine Lawler Walsh to a teaching position in the elementary grades of the school district prior to restoration of plaintiff to such a position, after suspension of both caused by a decrease in pupil enrollment, violated the provisions of section 1125 of the Public School Code of 1949, requiring the reinstatement of professional employes in the inverse order of their suspension.

4. Plaintiff, having held herself available and ready to assume any teaching position for which she was qualified in the Winton School District from the time of her suspension, is not to be charged with laches in the prosecution of this claim.

5. Plaintiff is entitled to judgment for the amount of pay and emoluments called for by the position she was legally entitled to hold for the period July 1, 1950, to date, or to such period as the position was legally available to be held by her in accordance with law. The amount of the final judgment to be determined by agreement or by accounting, taking into consideration any earnings during the period in other employment, if any, of plaintiff legally entitled to be considered in diminution of damages.

### Judgment Nisi

Now, June 11, 1952, judgment is directed to be entered in favor of plaintiff and against defendant school district, and against the individuals as directors and officers of the School District of the Borough of Winton as follows:

1. Defendants are directed to reinstate plaintiff, Margaret McGurl, as a teacher. in the elementary grades of the School District of the Borough of Winton.

2. Defendants are directed to account to plaintiff for the amount of pay and emoluments due to her as a teacher in the elementary grades of the District from July 1, 1950, to such time as she has been restored to such employment.

3. Plaintiff, Margaret McGurl, is directed to account to defendants for such amount as she has earned in other employment during the period of her suspension from service as a professional employe of the school district as is legally entitled to be considered in diminution of damages.

4. The prothonotary is directed to give notice of this judgment nisi to the parties. Exceptions to be filed within 30 days of such notice sec leg.